Davis, J.,
delivered the opinion of the court :
Beginning in 1869 and ending in 1872 the collector of internal revenue in the thirty-second district of New York imposed *9 and collected taxes, not only upon the fixed? capital of certain bankers and brokers, but also upon moneys borrowed by them from time to time for temporary use in the ordinary course of business. This was objected to, but payment of the taxes so assessed was enforced, whereupon two test cases were brought against the collector to secure the decision of the courts upon the correctness of his interpretation of the law (14 Stat. L., 136; id., 115).
Both these cases were decided adversely to the collector below, and upon appeal to the Supreme Court the judgments were affirmed (Bailey v. Clark, 21 Wallace, 284), October term, 1874.
When these actions were begun the claimants in this case and others of the same class reserved their rights until a judicial decision should be given, relying upon the fact that there existed no statute of limitations against claims of this nature, and the further fact, as they allege, that there was an understanding between them and the United States district attorney, made by a committee of the Stock Exchange rexiresenting all the members, that their claims should abide the judgment to be rendered in the Sux>reme Court. Meantime, however,. Congress passed the Act June 6,1872 (17 Stat. L., 257), which set up a limitation of one year against claims of this nature, so that when the test cases were decided the claimants'in this case and others similarly interested found themselves technically cut off from any remedy. Thereupon they appealed to Congress for relief, and the Judiciary Committee of the House of Be)jresent-atives in both the Forty-fifth and Forty-sixth Congresses reported in favor of a bill to refund the amounts in controversy in accordance with the decision in the test cases. Finally the Forty-seventh Congress sent the parties to this court for relief by the following Joint Resolution, January 24, 1883 (22 Stat. L., 635). “That the claims hereinafter described be, and the said claims are hereby, referred to the Court of Claims under the provisions of sections ten hundred and fifty-nine of the Ilevised Statutes, the same as though not barred by the statute of limitations, namely: The claims arising within the former thirty-second internal-revenue district of New York prior to June sixth, eighteen hundred and seventy-two, of those persons members of the Stock Exchange of the said city, from whom moneys were illegally collected, as subsequently shown by the decision of the Supreme Court in the cases of Bailey *10 versus Clark, Dodge, and others (reported in twenty-first Wallace, page two hundred and eighty-six), where such claimants have not heretofore been repaid such moneys : Provided, Such claimants show that they were parties to, and relied upon, an arrangement made with the attorney representing the United States in said causes whereby it was understood and agreed that such claims should abide the result of said causes: And provided, further, That no action shall be maintained under this resolution which is not begun within a year from its passage, and the testimony of any witness otherwise competent shall not be excluded by reason of his interest in the issue thereof.” The claimants are therefore required to show that they were members of the New York Stock Exchange when the taxes were collected; that the claim arose within the former thirty-second district of New York; that they have not been repaid the moneys collected; but particularly (and it is here that the issue arose) that they were parties to and relied upon an arrangement made with the district attorney whereby it was understood and agreed that their claim should abide the result of the test cases.
The issue, therefore, presented no question of law, and as we have found the facts in favor of the claimants they are entitled to judgment in the sum of $6,433.49.